1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID GONZALEZ, et al.,

            Plaintiff(s),

v.

CHARLES WILLIAM KIRK, et al.,

            Defendant(s).

2:14-CV-39 JCM (VCF)

**ORDER**

Presently before the court is a motion for partial summary judgment filed by defendants Charles William Kirk, Jr. and Apollo Transfer Company, LLC ("Apollo"). (Doc. # 8). Though the response deadline has passed, plaintiffs have not filed an opposition.

**I.    Background**

This action revolves around a rear-end auto collision that took place on March 5, 2012. On that date, defendant Kirk was driving on I-15 south and collided with the back of plaintiffs' vehicle. Plaintiffs allege and defendants concede that the accident occurred while defendant Kirk was acting within the scope of his employment with defendant Apollo. Plaintiffs seek to hold defendant Apollo liable on theories of vicarious liability, negligent supervision, and negligent entrustment.

**II.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a

**James C. Mahan**
**U.S. District Judge**

judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To demonstrate the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

**James C. Mahan**
**U.S. District Judge**

- 2 -

for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   Analysis

In the instant motion, defendants argue that, since they concede defendant Kirk was acting within the scope of his employment when the accident occurred, they are entitled to summary judgment on plaintiffs' negligent supervision and negligent entrustment claims.

Indeed, while the Nevada Supreme court has yet to address the issue, the majority of jurisdictions have held that if vicarious liability is admitted, and punitive damages are not asserted, as in this case, then claims of negligent supervision and negligent entrustment are legally void. *See, e.g.*, *Diaz v. Carcamo*, 253 P.3d 535, 538 (Cal. 2011); *McHaffie v. Bunch,* 891 S.W.2d 822, 826 (Mo. 1995). This has the effect of streamlining litigation and preventing unnecessary factual disputes, as vicarious liability allows plaintiffs to recover from an employer even without a showing of negligence.

Therefore, because granting summary judgment in favor of defendants as to these claims will not limit plaintiffs' recovery and will streamline this litigation, the court finds that the Nevada Supreme Court would adopt the majority rule. Accordingly, defendants' motion will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for partial summary judgment (doc. # 8) be, and at the same time hereby is, GRANTED.

DATED May 14, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -